PEOPLE v. METROPOLITAN SURETY CO.

FUCHS v. METROPOLITAN SURETY CO. (YAWGER, Receiver).

(No. 204–121.)

(Supreme Court, Appellate Division, Third Department.  July 1, 1915.)

1. PRINCIPAL AND SURETY ☞82—CONTRACT—LIABILITY OF SURETY.

A contract whereby one of several contractors agreed to provide all the materials and to perform all the work for the mason work, cut stone work, and cement concrete work, so that the entire building should be completed and ready for occupancy on or before September 15, 1906, but not providing just when the work should be done, or at what stages of the contract the other work should be introduced, was a contract to be performed in such a manner as not to delay the other contractors in performing their work within the time provided for the completion of the building, but did not make the contractor an insurer of their work; and hence, where the contractor abandoned the work when about two-thirds completed, and when it was impossible to complete it within the time named in the contract, but it did not appear that any of the other contractors had been delayed, or that they would have completed their work by September 15th, if the contractor had been more forward with his work, the contractor's surety was not liable for damages which were entirely speculative.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 127; Dec. Dig. ☞82.]

2. PRINCIPAL AND SURETY ☞161—LIABILITY OF SURETY—SUFFICIENCY OF EVIDENCE.

In an action against a contractor's surety, evidence *held* not to show any damages from the contractor's failure to furnish an artificial stone of the same quality shown in a sample.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 85, 439–441; Dec. Dig. ☞161.]

Appeal from Special Term, Albany County.

Proceedings in liquidation by the People of the State of New York against the Metropolitan Surety Company.  Claim by Albert Fuchs against said Surety Company (John F. Yawger, Receiver).  From an order confirming the report of the referee, and overruling and disallowing the exceptions filed thereto, the claimant appeals.  Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Hirsh & Newman, of Brooklyn (Benjamin Reass and Max Leff, both of Brooklyn, of counsel), for appellant.

Edward R. Finch, of New York City (Francis X. Brosnan, of New York City, on the brief), for respondent.

PER CURIAM.  The Surety Company is in liquidation, and the appellant has filed a claim herein in the sum of $27,000 upon a bond issued by the Metropolitan Surety Company, claiming that by reason of the default in the condition of the bond he has been damaged in an amount in excess of the entire amount of the bond.  The claim was sent to a referee for adjustment.  No evidence was taken before the referee.  Depositions were taken in Chicago and submitted to the ref-

eree, who made a report, accompanied by an opinion, in which he allowed the claimant the sum of $5,352.91, with interest. The claimant filed exceptions to the report, claiming that further items of damage should have been allowed. Upon the receiver's motion to confirm the report, the court at Special Term overruled the exceptions and confirmed the same, and appeal comes here from this order.

On the 6th day of June, 1906, the Metropolitan Surety Company, as surety, undertook to guarantee the contract of J. W. Johnson & Co. for the furnishing of certain work and materials in the construction of certain buildings at the corner of Sheridan Road and Clarendon avenue, Chicago, on lands owned by the claimant. The contract provided that J. W. Johnson & Co. should furnish "all the materials and perform all the work for the mason work, cut stone work, and cement concrete work" for the buildings referred to in the contract, at the agreed price of $27,000, and the work was to be done "so that the entire building shall be completed, ready for occupancy, on or before the 15th day of September, 1906." It appears to be conceded that there was a breach of this contract; J. W. Johnson & Co. abandoning the work, when it was about two-thirds completed, on the 14th day of August, 1906, and at a time when it was impossible to complete the buildings within the time named in the contract. Mr. Fuchs, the claimant, took up the work under the provisions of the contract, and completed the buildings some time in the early part of the following year, and he now seeks to hold the Surety Company for the damages which he claims to have sustained by reason of the breach of the contract.

[1] Under the first point the appellant contends that the referee erred in disallowing the item of damage resulting because J. W. Johnson & Co. did not perform the contract within the time agreed. We are unable to agree with this contention. The contract was not drawn with that degree of particularity which might be expected if time was of the essence of this particular agreement. There were a large number of contractors for particular portions of this work. The firm of J. W. Johnson & Co. was to "provide all the materials and to perform all the work for the mason work, cut stone work and cement concrete work," and this was to be done "so that the entire building shall be completed and ready for occupancy on or before the 15th day of September, 1906"; but there was nothing in the contract which provided just when this work should be done, or at what stages of the contract the other work should be introduced. The work was two-thirds done when it was abandoned, one month before the time mentioned for completion; but there is no evidence that any of the other contractors had been delayed, or that they would have completed their work by the 15th day of September if J. W. Johnson & Co. had been more forward with theirs. Clearly, J. W. Johnson & Co. did not become insurers of the work of other contractors. The fair construction of the contract is that it is to be performed in such a manner as not to delay the other contractors in performing their part within the time provided for the completion of the building, and the mere testimony of builders that it would require a certain length of time to complete the building after the 14th day of August, when the work was abandoned, two-thirds

done, is not sufficient to charge the surety for damages for failure to complete the building on time. It was necessary to show that the failure of J. W. Johnson & Co. to progress the work had been the proximate cause of the failure to complete the building; that their failure had prevented the completion of it on time. So far as appears, the delay in completion may have been due to the default of other contractors equally with J. W. Johnson & Co. There is no proof that any of them were hindered or delayed when they were ready to proceed, and we agree with the learned referee that damages based upon the evidence in this case would be entirely too speculative to be justified.

[2] The claim for damages alleged to be due to a failure on the part of J. W. Johnson & Co. to furnish an artificial stone of the quality shown in sample is without merit. The testimony of entirely reputable men shows that the material is of good quality, and there was an entire failure on the part of the claimant to produce evidence that the materials furnished were not up to the standard of the sample. The claimant, who was furnished one-half the sample, could not produce it upon the trial, and the alleged defects were so trivial that even the claimant was not willing to testify that they in any manner lessened the rental value of the premises.

A careful examination of the evidence convinces us that the errors to which the learned referee refers as being possible are such as might be complained of by the respondent rather than the appellant, and that the case has been disposed of with a close approximation to justice.

The order appealed from should be affirmed, with costs.